**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** HERKIMER
-----------------------------------------------------------------x
CHRISTINE PENA, Individually and
as Administratrix of the ESTATE OF :
RICHARD PENA, DECEASED
                                    Plaintiff/Petitioner,

            - against -                                 Index No.EF2025-113928

RemArms, LLC, Remington Outdoor Company, Inc.,
and Remington Arms Company, LLC.

                        Defendant/Respondent.
-----------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

   1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
   New York State Courts E-filing system ("NYSCEF"), and

   2) You are a Defendant/Respondent (a party) in this case.

● **If you are represented by an attorney:**
   Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

● **If you are not represented by an attorney:**
   **You will be served with all documents in paper and you must serve and file your
   documents in paper, unless you choose to participate in e-filing.**

   **If you choose to participate in e-filing, you must have access to a computer and a
   scanner or other device to convert documents into electronic format, a connection
   to the internet, and an e-mail address to receive service of documents.**

   The **benefits of participating in e-filing** include:

                  ● serving and filing your documents electronically

                  ● free access to view and print your e-filed documents

                  ● limiting your number of trips to the courthouse

                  ● paying any court fees on-line (credit card needed)

   **To register for e-filing or for more information about how e-filing works:**

● visit: www.nycourts.gov/efile-unrepresented or
● contact the Clerk's Office or Help Center at the court where the case was filed. Court
   contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: _____

        Name                               Address

        Firm Name

                                        Phone

                                   _____
                                        E-Mail

To:    _____

       _____

       _____

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM INDEX NO. EF2025-113928
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 11/17/2025

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF HERKIMER**

| | |
|---|---|
| CHRISTINE PENA, Individually and as Administratrix of the ESTATE OF RICHARD PENA, DECEASED,<br><br>      Plaintiff,<br><br> -against-<br><br>REMARMS, LLC, REMINGTON OUTDOOR COMPANY, INC., and REMINGTON ARMS COMPANY, LLC,<br><br>      Defendants. | Index No.: _____<br><br>Date Purchased: November 17, 2025<br><br>Plaintiff designates Herkimer County as the place of trial pursuant to CPLR§ 503<br><br>**SUMMONS** |

**TO THE ABOVE-NAMED DEFENDANTS:**

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

  Venue is proper under CPLR § 503(a), as RemArms is registered in Herkimer County as a foreign limited liability company authorized to transact business in New York.

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM    INDEX NO. EF2025-113928

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 11/17/2025

Dated: New York, New York
      November 17, 2025

M ᒆᒉ T‒‒ᒪ

Michael Tremonte
Sian Last
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, N.Y.  10004
Telephone: (212) 202-2600
Email: mtremonte@shertremonte.com
Email: slast@shertremonte.com

*Pro Hac Vice Forthcoming:*
Robert W. Zimmerman
Lily Winter
SALTZ MONGELUZZI BENDESKY P.C.
1650 Market Street, 52nd Fl.
Philadelphia, PA 19103
Telephone: (215) 575-3898
Email: rzimmerman@smbb.com
Email: lwinter@smbb.com

*Attorneys for Plaintiff Christine Pena*

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM    INDEX NO. EF2025-113928

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 11/17/2025

| | |
|---|---|
| **CHRISTINE PENA, Individually and** : | |
| **as Administratrix of the ESTATE OF** : | SUPREME COURT OF NEW YORK |
| **RICHARD PENA, DECEASED** : | HERKIMER COUNTY |
| 10910 Blue Magnolia Lane : | |
| Parrish, Florida 34219 : | |
| : | No.: |
| *Plaintiff,* : | |
| v. : | |
| : | |
| **RemArms, LLC.** : | |
| 205 North Lewis Street, Suite 1 : | |
| LaGrange, Georgia 30240 : | |
| : | |
| *And* : | |
| : | |
| **Remington Outdoor Company, Inc.** : | |
| 205 North Lewis Street, Suite 1 : | |
| LaGrange, Georgia 30240 : | |
| : | |
| *And* : | |
| : | |
| **Remington Arms Company, LLC.** : | |
| 205 North Lewis Street, Suite 1 : | |
| LaGrange, Georgia 30240 : | |
| : | |
| : | **JURY TRIAL DEMANDED** |
| *Defendants.* : | |
| : | |

## COMPLAINT

Plaintiff, Christine Pena, Individually and as the Administratrix of the Estate of Richard Pena, by and through her counsel, Saltz Mongeluzzi Bendesky P.C., hereby states the following Complaint in Civil Action against the above-captioned Defendants and, in support thereof, avers as follows:

### PARTIES

1. Plaintiff, Christine Pena ("Plaintiff"), is an adult individual, citizen, and resident of Florida residing at the above-captioned address.

1

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM
NYSCEF DOC. NO. 2

INDEX NO. EF2025-113928
RECEIVED NYSCEF: 11/17/2025

2.      At all relevant times, Mrs. Pena was decedent Richard Pena's wife and is now the Administratrix of his estate.

3.      Mr. Pena is also survived by his two sons: Michael Pena and Nicholas Pena.

4.      Defendant RemArms, LLC, is a foreign limited liability company registered and authorized to do business in the State of New York, with its principal place of business in Georgia, and whose principal place of business was 14 Hoefler Ave, Ilion, NY 13357 until March of 2024.

5.      Defendant Remington Outdoor Company, Inc., is a foreign business corporation registered and authorized to do business in the State of New York with its principal place of business in Georgia, and whose principal place of business was 14 Hoefler Ave, Ilion, New York 13357 until March 2024.

6.      Defendant Remington Arms Company, LLC, is, and was, the subsidiary of Remington Outdoor Company, Inc., and is a foreign limited liability company registered and authorized to do business in the State of New York with its principal place of business in Georgia, and whose principal place of business was 14 Hoefler Ave, Ilion, New York 13357 until March 2024.

7.      RemArms is the successor in interest to the firearm-business of Remington Outdoor Company, Inc., and Remington Arms Company, LLC, in that RemArms was the result of a corporate reorganization and name change, or mere continuation, of its immediate predecessor. According to RemArms' website:

> For more than 200 years, Remington firearms have been forged from the untamed spirit that will always define our nation. Remington innovation was always ahead of its time, as evidenced by a rich history and long line of legendary firearms. The Model 700 and Model 870 have claimed their rightful places among the best-selling firearms of all time. This proud tradition that began with Eliphalet Remington's first hand-built rifle in 1816, *continues today through RemArms*.

2

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM    INDEX NO. EF2025-113928
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 11/17/2025

In 2020, RemArms acquired the Remington Firearms legacy manufacturing facility in Ilion, NY and the proud opportunity to build Remington firearms. Our new company, RemArms, is designing, producing and shipping new Remington firearms to our dealers and customers across the country each and every day. At RemArms, we are ensuring that our customers are buying the very best product available at a fair price. We are focused on building dependable firearms that each of our customers can enjoy for a lifetime.

Exciting things are ahead for RemArms and more importantly for you, the loyal Remington customer. ***Remington firearms is back***![1]

8.      At all times relevant to this action, Defendants were engaged in the design, manufacture, distribution, and sale of a variety of firearms, to customers across the country, including Mr. Pena, and those in Herkimer County, New York.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to CPLR § 301 as the Defendants conduct substantial business in New York and the events giving rise to this action occurred in New York. Mr. Pena's Model 700 was manufactured and purchased in New York, and the subject incident occurred in New York. All events giving rise to this action occurred while Defendants maintained their principal place of business in Ilion, New York.

10.     Jurisdiction is also proper pursuant to CPLR § 301, as (1) Defendant RemArms and Defendant Remington Arms Company are each foreign limited liability companies under Section 802 of Limited Liability Company Law and are registered with the New York Department of State, and (2) Defendant Remington Outdoor Company, Inc. is a foreign business corporation under Section 1304 of the Business Corporation Law and is registered with the New York Department of State.

---

[1] https://www.remarms.com/about-us.

3

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM

NYSCEF DOC. NO. 2

INDEX NO. EF2025-113928

RECEIVED NYSCEF: 11/17/2025

11.    At all relevant times at and prior to the date of incident, Defendants were headquartered in New York.

12.    Venue is proper under CPLR § 503(a), as Defendants RemArms and Defendant Remington Arms Company are registered in Herkimer County as foreign limited liability companies authorized to transact business in New York, and Defendant Remington Outdoor Company, Inc., is registered in Herkimer, County as a foreign business corporation authorized to transact business in New York.

## FACTUAL ALLEGATIONS

### a.  The Remington Model 700

13.    Remington is one of the Nation's oldest manufacturer and distributor of firearms.

14.    Defendants manufacture and distribute firearms for commercial use and use in law enforcement. They market and sell their products directly and through dealers.

15.    The Remington Model 700 rifle ("Model 700" hereafter) is a bolt-action rifle.

16.    The Model 700 has been in production since 1962. As Defendants' website advertises:

---

**THE MODEL 700® A LEGEND FORGED IN STEEL. 60 YEARS OF UNRIVALED PERFORMANCE.**

It's the number one bolt-action of all time, proudly made in the U.S.A. Since 1962, more Model 700s have been sold than any other bolt-action rifle before or since. The legendary strength of its 3-rings-of-steel receiver is now paired with a 5R barrel on every 700. Bearing the most popular bolt-action rifle in history.

---

*Taken from RemArms' Website*

17.    In the decades since the Model 700 was introduced to the market, there have been numerous complaints that the rifle, both older and newer models, can fire unintentionally.

18.    In 2006, Remington developed a new trigger mechanism, the "XMP Trigger," for the Model 700 in response to thousands of complaints that models with the original trigger design, the "Walker Trigger" could discharge unintentionally.

4

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM

NYSCEF DOC. NO. 2

INDEX NO. EF2025-113928

RECEIVED NYSCEF: 11/17/2025

19. The Walker Trigger was the subject of a class action settlement in *Pollard v. Remington Arms Co.*, LLC, No. 13-86 (W.D. Mo. filed Jan. 28, 2013).

20. Shortly after introducing the XMP Trigger, Remington began receiving complaints that the Model 700s equipped with the XMP Trigger could discharge unintentionally.

21. By April 2014, after an internal investigation, Remington announced a voluntary recall for rifles equipped with the XMP trigger:

> **PRODUCTS**: Remington Arms Company, LLC ("Remington") is voluntarily recalling Remington Model 700™ and Model Seven™ rifles with X-Mark Pro® ("XMP®") triggers, manufactured from May 1, 2006 to April 9, 2014.
>
> **DESCRIPTION OF THE HAZARD**: Remington has determined that some Model 700 and Model Seven rifles with XMP triggers could, under certain circumstances, **unintentionally discharge**. A Remington investigation has determined that some XMP triggers might have excess bonding agent used in the assembly process. While Remington has the utmost confidence in the design of the XMP trigger, it is undertaking this recall in the interest of consumer safety to remove any potential excess bonding agent applied in the assembly process.

*Model 700 XMP Trigger Recall Notice*

22. Mr. Pena purchased his Model 700 in New York, in 2011 during the time that Remington was headquartered in New York. His Model 700 was equipped with the XMP Trigger and was subject to the voluntary recall, and he had his rifle repaired by Remington in 2014.

23. Despite being repaired by Remington, Mr. Pena's Model 700 contained design and/or manufacturing defects that permitted the rifle to discharge unintentionally at the time of the incident, and discharge during post-incident examination by law enforcement investigators despite the manual safety being in the ON position.

### b. **Plaintiff's Incident**

24. On November 19, 2023, Richard Pena had extensive experience as a gun owner and through his 35 years in law enforcement.

25. Mr. Pena purchased a Remington Model 700 rifle for personal use in 2011.

5

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM
NYSCEF DOC. NO. 2

INDEX NO. EF2025-113928
RECEIVED NYSCEF: 11/17/2025

26.    November 16, 2023, was a Thursday, and Mr. Pena traveled to Norwich, New York for an annual hunting trip with a group of old coworkers from his time serving in the New York Police Department.

27.    November 16, 2023, was the last day Christine Pena would see her husband alive.

28.    On the morning of November 19, 2023, a Sunday, Mr. Pena left around 6:00 AM to go hunting for the day.

29.    The rest of the group left at the same, or around the same time. Each of the six men hunting that day were in their own individual hunting stands placed approximately 100 yards away from one another. Mr. Pena's hunting stand is pictured below:



*Richard Pena's Hunting Stand*

30.    Upon information and belief, at some point in the early morning, while in his hunting stand, Mr. Pena's Remington Model 700 rifle unexpectedly and suddenly discharged with the safety still engaged, and without his intent.

31.    The bullet pierced into the upper left side of his chest, near his armpit, exiting through his upper back.

32.    Richard Pena died at just fifty-seven years old from a single unintended gunshot wound from the Remington Model 700 Rifle.

6

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM     INDEX NO. EF2025-113928
NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 11/17/2025

33.     That day, in the early afternoon, no one from the group had yet heard from Mr. Pena since they left for the morning hunt.

34.     Around 2:30 PM, one of the group members decided to check Mr. Pena's hunting stand.

35.     Upon arriving, the group member found Mr. Pena dead, in his hunting stand, on his back, his rifle beneath him, and his right leg sticking out of hunting stand. The police were called soon after.

36.     Mr. Pena's blood was found in several areas inside the hunting stand, including on the wood panels above his right shoulder and by his hand, and on the chair seat.

37.     A hole was located on the east side of the roof of the hunting stand with Mr. Pena's DNA and blood surrounding it:



*Bullet hole in Mr. Pena's hunting stand*

38.     Mr. Pena's rifle was found with the safety on.

39.     Mr. Pena's cause of death was determined to be an accidental gunshot wound to the torso.

40.     As part of the investigation, the police performed drop testing on Mr. Pena's rifle. When dropped at a height of approximately four feet, with the safety engaged, Mr. Pena's rifle fired as part of the testing.

7

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM    INDEX NO. EF2025-113928

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 11/17/2025

41.    A rifle should not fire when dropped and with the manual safety applied.

42.    A rifle should not fire when dropped from a height of 4 feet and with the manual safety applied.

43.    A rifle is defectively dangerous if it is capable of firing when dropped from a height of 4 feet and with the manual safety applied.

44.    As a direct and proximate result of Defendants' wrongful acts, negligence, gross negligence, carelessness, recklessness, strict liability and/or other liability producing conduct, Richard Pena suffered unimaginable physical pain and psychological trauma in his final moments, knowing that he was losing blood and dying alone, and that he would never see his beautiful wife, and never be there to watch as his children continue to grow into adulthood.

45.    As a direct and proximate result of Defendants' wrongful acts, negligence, carelessness, recklessness, strict liability and/or other liability producing conduct, Christine Pena has suffered and continues to suffer unimaginable, disabling, and permanent psychological trauma, injuries and emotional distress, the full extent of which has yet to be determined. Christine has in the past and may in the future continue to be compelled to expend monies and incur further obligations for such medical and/or psychological care and treatment. Christine has in the past and may in the future continue to suffer agonizing loss, psychological pain and suffering, and extraordinary emotional harm. Christine has in the past and may in the future continue to be disabled from performing her usual duties, occupations, and avocations, all to Christine's great loss and detriment.

8

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM    INDEX NO. EF2025-113928

NYSCEF DOC. NO. 2                                            RECEIVED NYSCEF: 11/17/2025

## COUNT I –NEGLIGENCE

### *Plaintiff v. RemArms, LLC, Remington Outdoor Company, Inc., and Remington Arms Company, LLC.*

46.     Plaintiff re-adopts and re-alleges all paragraphs of this pleading as if fully set forth herein.

47.     At all relevant times, Defendants owed Plaintiff the duty to design the Model 700 rifle in such a manner and with the exercise of reasonable care, so as to prevent it from firing when dropped, and/or without a user trigger pull, and/or with the manual safety in the ON position, before selling the gun and placing it into the stream of commerce.

48.     At all relevant times, Defendants owed Plaintiff the duty to manufacture, assemble, inspect and/or test its Model 700 rifles in such a manner and with the exercise of reasonable care, so as to prevent it from firing when dropped, and/or without a user trigger pull, and/or with the manual safety in the ON position, before selling the gun and placing it into the stream of commerce.

49.     At all relevant times, Defendants owed a duty to unambiguously warn consumers and/or intended users of the Model 700 rifle, including Plaintiff, of known or suspected defects that rendered the gun unreasonably dangerous to handle or use. Defendants breached the above-cited duties in various ways, including but not limited to, one or more of the following negligent acts:

    a.  Failing to use due care in designing and manufacturing the Model 700 to prevent un-commanded discharges

    b.  Failing to use due care in designing and manufacturing the Model 700 rifle's internal components to prevent un-commanded discharges;

    c.  Failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's ability to discharge when dropped and when un-commanded as described above;

9

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM

NYSCEF DOC. NO. 2

INDEX NO. EF2025-113928

RECEIVED NYSCEF: 11/17/2025

d.  Negligently failing to unambiguously warn purchasers and end users of the gun, including Mr. Pena, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, which it knew or should have known through the exercise of ordinary care;

e.  Failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's ability to discharge when dropped and un-commanded while in the possession of Defendants, and during which times employees, servants or agents of Defendants had an opportunity to inspect, service and work on the gun;

f.  Failing to use due care in designing and manufacturing the XMP Trigger to prevent un-commanded discharges.

g.  Failing to use due care in repairing those Model 700s which were subject to the voluntary recall, including Mr. Pena's rifle, to prevent un-commanded discharges.

h.  Failing to adequately and properly inspect or test the XMP Trigger design in order to identify and correct any defective or unreasonably dangerous conditions discovered.

i.  Misrepresenting the dangers and hazards posed by the Model 700;

j.  Failing to design a firearm that would be safe for all users to operate under ordinary circumstances;

k.  Failing to design a firearm that would be safe for all users to operate under foreseeable circumstances;

l.  Failing to ensure the Model 700 rifle would not discharge when dropped from a reasonable height;

m. Other negligent acts and omissions to be developed in the course of discovery

50.    Defendants knew or should have known that exposing users to the dangerous and defective hazardous conditions existing in the gun would or could give rise to serious bodily injury to its users, up to and including death.

10

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM    INDEX NO. EF2025-113928

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 11/17/2025

51.     The gun's defective condition was not visible, and Mr. Pena was not capable of realizing the dangerous condition and could not have discovered the dangerous condition even upon performing a reasonable inspection of the same.

52.     Defendants' negligence, as alleged herein, directly and proximately caused the November 19, 2023, unintended discharge, and Mr. Pena's death.

53.     As a direct and proximate result of the negligence set forth in this Count, Mr. Pena suffered severe physical injury, mental anguish, loss of his life, physical deformity and handicap, and loss of earnings and earning capacity. Plaintiff has further incurred emergency medical expenses, funeral expenses, and other expenses associated with Mr. Pena's death. Plaintiff will suffer such losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants for compensatory and punitive damages, together with lawful interest, attorneys' fees, costs of suit, and all other claims available by law.

## COUNT II – STRICT LIABILITY
### *Plaintiff v. RemArms, LLC, Remington Outdoor Company, Inc., and Remington Arms Company, LLC.*

54.     Plaintiff re-adopts and re-alleges all paragraphs of this pleading as if fully set forth herein.

55.     Defendants, by and through their agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and/or distributors are strictly liable to Plaintiff for the injuries and damages alleged herein because:

     a. Defendants are engaged in the regular business of designing, assembling, manufacturing, selling, supplying, distributing, and/or placing into the stream of commerce firearms, including the Model 700 that injured Plaintiff.

11

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM    INDEX NO. EF2025-113928

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 11/17/2025

b.  The product involved in the subject incident was marketed and/or placed in the general stream of commerce by Defendants.

c.  The product was expected to and did reach users without substantial change in the condition in which it was designed, assembled, manufactured, sold, supplied, distributed and/or placed into the stream of commerce.

d.  The product was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce in the defective condition.

56.    The Model 700 rifle was in a defective condition as: (1) the danger contained therein was unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of the harm caused by the Model 700 rifle outweighed the burden or costs of taking precautions.

57.    At all relevant times, Mr. Pena used the Model 700 in its intended manner.

58.    Defendants breached their duties, by and through their agents, servants, workers and/or employees, and were jointly and severally careless, negligent, grossly negligent and/or reckless in the performance of their obligations.

59.    The defective condition of the Model 700 rifle caused Plaintiff's injuries.

60.    Defendants are therefore liable to Plaintiff in strict liability and tort, and/or strict product liability.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants for compensatory and punitive damages, together with lawful interest, attorneys' fees, costs of suit, and all other claims available by law.

12

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM

NYSCEF DOC. NO. 2

INDEX NO. EF2025-113928

RECEIVED NYSCEF: 11/17/2025

## COUNT III –BREACH OF IMPLIED WARRANTIES
### *Plaintiff v. RemArms, LLC Remington Outdoor Company, Inc., and Remington Arms Company, LLC.*

61.     Plaintiffs readopt and re-allege all paragraphs of this pleading as if fully set forth herein.

62.     At all relevant times, Defendants were in the business of marketing, selling, and distributing weapons, including the gun causing Plaintiff's death.

63.     Defendants knew of the ordinary purposes for which the gun was intended and impliedly warranted it to be of merchantable quality, safe, and fit for such purposes, and all other reasonably foreseeable uses.

64.     At all relevant times, Mr. Pena used the gun in its intended manner and for its intended purpose and reasonably relied on the skill, judgment and implied warranty of Defendants.

65.     Defendants breached the above-referenced implied warranties as to the gun because, at the time it left Defendants' possession, it was not of merchantable quality and was unreasonably dangerous and unfit for the ordinary and reasonably foreseeable purposes for which it was intended and its reasonably foreseeable misuses by virtue of:

  a.  Failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity to discharge unintentionally and/or when dropped as described above;

  b.  Negligently failing to unambiguously warn purchasers and end users of the gun, including Mr. Pena, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture,       which it knew or should have known through the exercise of ordinary care;

  c.  Failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity to discharge unintentionally and/or when dropped while     in     the possession of Defendants, and during which times employees,

13

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM    INDEX NO. EF2025-113928
NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 11/17/2025

servants or agents of Defendants had an opportunity to inspect, service and work on the gun;

d. Failing to ensure the Model 700 rifle would not discharge when dropped from a reasonable height;

66.    Mr. Pena, as the end user of the gun, was a person who would foreseeably be injured by breaching the implied warranty referenced in this Count and Defendants' breach of the warranty of merchantability as alleged herein directly and proximately cause the accident and Mr. Pena's death.

67.    As a direct and proximate result of the negligence set forth in this Count, Mr. Pena suffered severe physical injury, mental anguish, loss of his life, physical deformity and handicap and embarrassment associated with the same, loss of earnings and earning capacity. Plaintiff has further incurred emergency medical expenses, funeral expenses, and other expenses associated with Mr. Pena's death. Plaintiff will suffer such losses and impairments in the future.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants for compensatory and punitive damages, together with lawful interest, attorneys' fees, costs of suit, and all other claims available by law.

## COUNT IV - WRONGFUL DEATH
### *Christine Pena, Individually v. RemArms, LLC, Remington Outdoor Company, Inc., and Remington Arms Company, LLC.*

68.    Plaintiff re-adopts and re-alleges all paragraphs of this pleading as if fully set forth herein.

69.    Plaintiff, Christine Pena, brings this action as the personal representative of Richard Pena, and also brings this action on behalf of those distributees entitled by law to recover for his wrongful death, pursuant to the New York Estates, Powers, and Trusts Law, § 5-4.1, and claim all damages recoverable under the New York Estates, Powers, and Trusts Law, § 5-4.1

14

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM    INDEX NO. EF2025-113928
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 11/17/2025

70.    The names of all persons who may be entitled to recover damages, as well as their relationship to decedent, are as follows:

    a.  Christine Pena (spouse),

    b.  Michael Pena (son),

    c.  Nicholas Pena (son).

71.    As a direct and proximate result of all Defendants' wrongful acts, negligence, carelessness, gross negligence and reckless conduct as set forth above, which is incorporated herein, Richard Pena's Wrongful Death distributees have been caused to incur and pay various expenses for emergency services, medical treatment, hospital care, custodial care, and funeral and other expenses related to his death.

72.    As a direct and proximate result of the foregoing, Richard Pena's Wrongful Death distributees have been, continue to be, and will in the future be deprived of his counsel, services, companionship, society, support, and protection to his beneficiaries and their profound emotional and psychological loss due to the death of Mr. Pena.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants for compensatory and punitive damages, together with lawful interest, attorneys' fees, costs of suit, and all other claims available by law.

## COUNT V – SURVIVAL ACTION
*Christine Pena, as the Administratrix of the Estate of Richard Pena v. RemArms, LLC, Remington Outdoor Company, Inc., and Remington Arms Company, LLC.*

73.    Plaintiff re-adopts and re-alleges all paragraphs of this pleading as if fully set forth herein.

74.    Plaintiff, Christine Pena, Individually and as the Administratrix of the Estate of Richard Pena, also brings this action on behalf of the Estate of Richard Pena, deceased, by virtue

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM    INDEX NO. EF2025-113928

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 11/17/2025

of the New York Estates, Powers, and Trusts Law § 11.3.2(b), and claim all benefits of New York Estates, Powers, and Trusts Law § 11.3.2(b) on behalf of Richard Pena's Estate and other persons entitled to recover under law.

75.    As a direct and proximate result of all Defendants' wrongful acts, negligence, carelessness, and reckless conduct as set forth above, which is incorporated herein, Plaintiff claims on behalf of the Estate Richard Pena, all damages suffered by the Estate by reason of the death of Richard Pena, including without limit the generality of the following: the severe injuries to Richard Pena, which resulted in his death; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Richard Pena suffered prior to his death, from the date of his death until the time in the future he would have lived had he not died as a result of the injuries he sustained; expenses for medical care; the loss and total limitation and deprivation of his normal activities until the time of his death.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants for compensatory and punitive damages, together with lawful interest, attorneys' fees, costs of suit, and all other claims available by law.

Dated: New York, New York
          November 17, 2025

Michael Tremonte
Sian Last
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, N.Y. 10004
Telephone: (212) 202-2600
Email: mtremonte@shertremonte.com
Email: slast@shertremonte.com

16

FILED: HERKIMER COUNTY CLERK 11/17/2025 05:19 PM

NYSCEF DOC. NO. 2

INDEX NO. EF2025-113928

RECEIVED NYSCEF: 11/17/2025

*Pro Hac Vice Forthcoming:*
Robert W. Zimmerman
Lily Winter
SALTZ MONGELUZZI BENDESKY P.C.
1650 Market Street, 52nd Fl.
Philadelphia, PA 19103
Telephone: (215) 575-3898
Email: rzimmerman@smbb.com
Email: lwinter@smbb.com

*Attorneys for Plaintiff Christine Pena*

17